## COMMONWEALTH vs. JOHN BRALLEY.

The *St.* of 1852, c. 322, § 12, providing for the punishment of "a manufacturer of any spirituous or intoxicating liquors for sale, or a common seller thereof," extends to a common seller of liquors not manufactured by himself.

INDICTMENT on *St.* 1852, *c.* 322, § 12, for being a common seller of intoxicating liquors.

At the trial in the municipal court, there was evidence of more than three sales of intoxicating liquors at retail, by the defendant; but there was no evidence tending to show that the defendant was a manufacturer of spirituous or intoxicating liquors for sale, or a common seller of such liquors so manufactured by him. The defendant contended that § 12 of *St.* 1852, *c.* 322, providing for the punishment of "a manufacturer of any spirituous or intoxicating liquors for sale, or a common seller thereof," applied only to manufacturers for sale, and to sellers of liquors of their own manufacture; and that the defendant should have been indicted on § 7 for single sales. But *Briggs,* J. instructed the jury that § 12 applied to a retailer of liquors not manufactured by himself, as well as to a manufacturer of liquors, or a seller of liquors manufactured by himself for sale. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*M. O' Connell,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

SHAW, C. J.   Upon the first clause of *St.* 1852, *c.* 322, § 12—— that "°no person shall be allowed to be a manufacturer of any spirituous or intoxicating liquors for sale, or a common seller thereof, without being duly appointed or authorized—" it is argued that " thereof" means of liquors manufactured by the defendant.   This is ingenious, but we think not sound.   Taking it in strict grammatical construction, we cannot see how " thereof " can include " manufactured by himself."   The section, expressed more fully, would be thus: " No person shall be allowed to be a manufacturer of any spirituous or intoxicating liquors for sale, or a common seller of spirituous or intoxicating liquors."   The article is not drawn with the highest degree of skill and precision.   These two offences are brought together, probably, because they are punished in the same manner.

The other clauses of the section show that it was not intended to limit it to sales of liquor manufactured by the defendant. Thus, it provides that three " several sales of spirituous or intoxicating liquors shall be sufficient to constitute a violation of this section;" and that delivery in or from any store, shop, &c. (which are places of sale, and not of manufacture,) shall be deemed *prima facie* evidence of a sale.

Another consideration may be drawn not merely from a comparison of one part of the statute with another, but from a reference to acts in *pari materia.*   Where one statute is repealed, and a more comprehensive one enacted, relating to the same subject, in putting a construction upon one of them, resort may be had to the other.   From the earliest times, two great distinctions have been observed; one between the keeper of a public house, and a retailer; the other between the seller of a particular portion by retail, and a common seller.   A difference is made between a single violation of the law, and a habitual breaker of the law.   Upon the fullest consideration of the statute, considering that it contains no other provision imposing a penalty on the offence, always recognized by the law as distinct, of being a common seller, we think that this provision covers the case of the defendant.                    *Exceptions overruled.*