**ARJONA v. WINSHIP, Governor of Puerto Rico.**

**No. 3136.**

Circuit Court of Appeals, First Circuit.

Jan. 5, 1937.

Arturo Ortiz Toro, of San Juan, P. R., for appellant.

William C. Rigby, of Washington, D. C. (B. Fernandez Garcia, Atty. Gen., and Nathan R. Margold, Sol., Department of Interior, of Washington, D. C., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

The plaintiff in his petition for a declaratory judgment under Act 47 of the Legislature of Puerto Rico approved April 25, 1931, alleges that he was appointed a judge of the District Court for the judicial district of Humacao for the term of ten years; that when appointed his salary for the year was fixed in the annual budget for the expenses of the Insular Government of Puerto Rico at $5,500 for the year ending June 30, 1931; that for the year 1932–33 the budget for that year appropriated for his salary the sum of $5,120; and for the year 1933–34 the Insular Legislature approved a law authorizing the auditor to reduce the salary of the peti-

tioner another 5 per cent., so that for that year the petitioner received only the sum of $4,864 as salary.

The petitioner further alleges that he is of the opinion that such reduction was null and void by reason of its being in violation of section 34, paragraph 13, of the act of Congress known as the Jones Act, 39 Stat. 951, 962 (1917); but the action of the officers of Puerto Rico disclose that they are of the opinion that said reductions were valid and constitutional and that therefore there exists "in this matter a discrepancy of criteria with the petitioner who maintains a different opinion in this matter."

The respondents answered, setting forth in substance that no salary or compensation was fixed for the position held by the petitioner under the act creating the office, and that section 50 of the Organic Act (39 Stat. 967) gave the Legislature of Puerto Rico power to fix the salaries of such public officers of Puerto Rico as were not appointed by the President.

The District Court sitting at San Juan with three judges sustains the petitioner's contention that under section 34, paragraph 13, of the Jones Act, the salary of the petitioner could not be decreased during his term of office.

On appeal the Supreme Court of Puerto Rico reversed the judgment of the District Court and held that, since the salary of the petitioner was not fixed by the law under which he was appointed or by any general law, but only fixed from year to year in the budget laws, which have only a limited life, or from year to year, section 50 of the Jones Act applied and the salary of the petitioner could be determined from time to time by the Legislature of Puerto Rico.

Section 50 of the Jones Act of 1917 (39 Stat. 967) provides as follows:

"That, except as in this Act otherwise provided, *the salaries of all the officials* of Porto Rico *not appointed by the President,* including deputies, assistants, and other help, shall be such and be so paid out of the revenues of Porto Rico *as shall from time to time be determined by the Legislature of Porto Rico* and approved by the governor; and if the Legislature shall fail to make an appropriation for such salaries, the salaries theretofore fixed shall be paid without the necessity of further appropriations therefor." (Italics ours.)

The petitioner's salary never was fixed by a general law. Under Act No. 75 of the Puerto Rican Legislature approved May 6, 1930, by which the salary of the petitioner was fixed at $5,500, the period for which it was fixed was limited to June 30, 1931. Section 1 of the Act provides as follows:

"Section 1. That the following sums, or so much thereof as may be respectively necessary, are hereby appropriated out of any funds in the Treasury, not otherwise appropriated, in full compensation for the services of the fiscal year ending June 30, 1931, for the objects hereinafter expressly named."

Section 1 of the Budget Act for the year 1932 provided in the same terms the salary of the petitioner for the year ending June 30, 1932. Act No. 40 approved May 13, 1932, in which year the first reduction in the petitioner's salary was made, provided that the salary for the year ending June 30, 1933, shall be $5,120; and under Act No. 73 of the year 1934 providing for the expenses of government his salary for the year ending June 30, 1935, was $4,864.

It therefore appears that the salary for the District Judge of Humacao was never fixed except from year to year. Budget acts by their nature fix appropriations and salaries from year to year. It is clear, we think, that section 50 of the Jones Act applies to the salary of this petitioner, since the amount was never established for his term of office by any general act, and his office is not one of those filled by the President.

It is likewise contended by the government that no controversial question is raised by the petition as a basis for a declaratory judgment, the allegations of the petition being that there has arisen merely a difference of opinion between the petitioner and the officials as to which section of the Organic Act applies to his salary. Mere differences of opinion, it is claimed by the government, raise no controversial question forming a basis for a declaratory judgment. United States v. West Virginia et al., 295 U.S. 463, 473, 474, 55 S.Ct. 789, 79 L.Ed. 1546. In any event, the judgment of the Supreme Court must be affirmed on the grounds stated in its opinion.

The judgment of the Supreme Court of Puerto Rico is affirmed.