## FITZSIMMONS, Auditor, et al. v. LEON.
### No. 3899.

Circuit Court of Appeals, First Circuit.
April 6, 1944.

Judgment of the Supreme Court of Puerto Rico affirmed.

Robert E. Sher, of Washington, D. C. (M. Rodriguez Ramos, Acting Atty. Gen. of Puerto Rico, and Monroe Oppenheimer, of Washington, D. C., of counsel), for appellants.

Hector Gonzalez-Blanes, of San Juan, P. R., for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

WOODBURY, Circuit Judge.

Manuel Leon Parra, the appellee, petitioned the Insular District Court for the Judicial District of San Juan for a writ of mandamus directed to the Auditor and Treasurer of Puerto Rico ordering them respectively to authorize the payment of, and to pay him, the sum of $1,365, that being the aggregate of amounts which he alleged had been unlawfully deducted from his salary as a member of the Industrial Commission of Puerto Rico during the fiscal years 1932–1933, 1933–1934, and 1934–1935. The district court dismissed his petition, and he appealed to the Supreme Court of Puerto Rico. That court reversed and the Auditor and Treasurer thereupon took this appeal to us. The facts not of record are stipulated.

The Legislature of Puerto Rico by Act No. 40 of 1929 (Laws of Puerto Rico, 1929, p. 222), established an Industrial Commission in the Department of Agriculture and Labor. Section 1 of this Act provides that this commission "shall be composed of three commissioners appointed by the Governor of Puerto Rico on recommendation of the Commissioner of Agriculture and Labor, with the advice and consent of the Insular Senate;" that "One of said commissioners shall be designated as chairman by the Governor of Puerto Rico;" that "the term of office of the commissioners shall be three years, and until their successors have been legally appointed and have qualified" and that "The chairman shall receive a salary of four thousand five hundred (4,500) dollars a year, and the two commissioners a salary of three thousand five hundred (3,500) dollars a year each."

In compliance with this Act, and four days after he had approved it, the Governor of Puerto Rico on April 29, 1929, appointed the petitioner (by recess appointment) to the commission and on June 25, 1929, the Senate confirmed. Upon appointment the petitioner qualified and entered upon his duties. He does not deny that he was paid the salary called for by the Act through the month of June, 1932. With this as background we come to the events which gave rise to the present litigation.

On April 15, 1932, the Puerto Rican Legislature passed an act making appropriations for the Industrial Commission for the ensuing fiscal year (July 1, 1932, to June 30, 1933) and adjourned. Section 1 of this Act contained an appropriation of $3,500 for the salary of each of the two members of the commission. It was submitted to the Governor and on May 13 he signed it but with this notation:

"Government House—Puerto Rico—San Juan, Puerto Rico, May 13, 1932.—By virtue of the authority vested in me by Section 34 of the Organic Act of Puerto Rico, the following items and parts or portions thereof of House Bill No. 232, making the appropriations necessary for the operation of the Industrial Commission during the fiscal year 1932–33, are hereby objected to by the undersigned:

Page 1.

"Line 17—eliminate '3,500' and insert '3,-150'."

Then, on June 15, 1932, the petitioner's term of office having expired, the Governor reappointed him and on July 4 following the Senate confirmed. He qualified and served for another three year term.

The next year substantially the same events occurred with respect to appropriations for the commission for the fiscal year 1933–34, only this time the Governor reduced the appropriation for the salary of each member of the commission from $3,-500 to $2,992.50. In a similar appropriation act for the fiscal year 1934–35, the Legislature itself fixed the salary for the office held by the petitioner at $2,992.50 and the Governor approved that figure without modification.

The questions raised are: (1) Whether the Governor, acting under the veto power conferred upon him by § 34 of the Organic Act of Puerto Rico, can reduce an appropriation by the Legislature for the petitioner's salary which appropriation is in the amount fixed by a prior statute for the office held by the petitioner, and (2) Whether the Legislature itself can, in spite of another provision of the same section of the Organic Act, reduce the petitioner's salary during his term of office. We think

888

In paragraph 1 of § 34 of the Organic Act of Puerto Rico (39 Stat. 961, 48 U.S.C.A. § 825) it is provided that: "If any bill presented to the governor contains several items of appropriation of money, he may object to one or more of such items, or any part or parts, portion or portions thereof, while approving of the other portion of the bill." From these words the intention of Congress to empower the Governor to scale down as well as to disapprove items in appropriation bills is clear, but to avoid a grave constitutional question and in view of the nature of the veto power itself, we do not feel that they should be construed as broad enough to empower the Governor to scale down an item in an appropriation bill appropriating money to pay the full amount of a salary as fixed by prior legislation.

In exercising the veto power it is generally said that the executive is exercising a legislative power (see Commonwealth v. Barnett, 199 Pa. 161, 48 A. 976, 55 L.R.A. 882; Cammack v. Harris, 234 Ky. 846, 29 S.W.2d 567; Wood v. State Administrative Board, 255 Mich. 220, 238 N.W. 16, and the opinion of the Supreme Court of Puerto Rico in the instant case not yet reported in English) but it is also said that the power is only a negative, not a positive one. See also Mills v. Porter (The Veto Case), 69 Mont. 325, 222 P. 428, 35 A.L.R. 592. It is a power conditionally to prevent, and in Puerto Rico with respect to appropriation bills, to modify, acts passed by the Legislature but which have not yet become law. It is not the power to enact new legislation or to recall or modify old, and it is a power which must be exercised, if exercised at all, within a limited time. It is a power only to check or restrain legislative action before such action ripens into law. It is a power granted to the executive in accordance with the theory of checks and balances but in conflict to some extent with the doctrine of separation of powers.

It seems to us that to sanction the Governor's action here would be to fly in the face of these principles in that it would permit the Governor in practical effect to amend without limitation as to time and single handed an act, here Act No. 40 of 1929, which had long before become law. As we view it his action if permitted "would not be negation of an item or items

of appropriation by veto but, in effect, affirmative legislation by executive edict" (Bengzon v. Secretary of Justice, 299 U.S. 410, 414, 57 S.Ct. 252, 254, 81 L.Ed. 312) and so squarely in conflict with basic constitutional principles. We therefore hold that the Governor's attempted vetoes were nullities and wholly ineffective to reduce the appropriations for the petitioner's salary as made by the Legislature for the fiscal years 1932–1933, and 1933–1934. In re Opinion of the Justices, 294 Mass. 616, 2 N.E.2d 789.

The reduction made in the petitioner's salary for the fiscal year 1934–1935 was not by action of the Governor but by action of the Legislature itself. What has been said is therefore inapplicable to the reduction in the petitioner's salary for that fiscal year. However, another provision of the Organic Act indicates that this reduction is also ineffective.

There can be no doubt, and the petitioner agrees, that a salary fixed by statute may be reduced by subsequent valid appropriation legislation (Williams v. United States, 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372) unless there is some constitutional provision to prevent. O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356. Here there is such a provision in paragraph 13 of § 34 of the Organic Act of Puerto Rico, 48 U.S.C.A. § 838, which reads in part: "Except as otherwise provided in this Act, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment." It is not disputed that the petitioner held a public office and clearly his appointment thereto ante-dated the Legislature's attempt to reduce his salary. No other provision of the Organic Act providing otherwise, it must follow that the legislative attempt in 1934 to reduce the petitioner's salary contravened the above provision of the Organic Act and was therefore a nullity.

The appellee's challenge to our jurisdiction remains to be considered. He contends that we have no jurisdiction over this appeal for the reason that the Organic Act of Puerto Rico is not a statute of the United States within the meaning of § 128 of the Judicial Code, 28 U.S.C.A. § 225, the section giving us appellate jurisdiction over the Supreme Court of Puerto Rico. This contention has twice before been considered by this court and in both

instances rejected. Municipality of Rio Piedras v. Serra, Garabis & Co., 1 Cir., 65 F.2d 691; Russell & Co. v. People of Puerto Rico, 1 Cir., 118 F.2d 225, 229. Since we see nothing in People of Puerto Rico v. Rubert Hermanos, 309 U.S. 543, 60 S.Ct. 699, 84 L.Ed. 916, the case principally relied upon by the appellee, to militate against the view which this court has previously expressed, we adhere to that view.

The judgment of the Supreme Court of Puerto Rico is affirmed without costs in this court to either party.