Pedro Blanch y las personas en adelante especificadas, demandantes y apelantes, *v.* Rafael de J. Cordero, Auditor de Puerto Rico, y Rafael Buscaglia, Tesorero de Puerto Rico, demandados y apelados.

Núm. 9822.—*Sometido:* Abril 7, 1949. *Resuelto:* Abril 14, 1949.

*Arturo O'Neill,* abogado de los apelantes; *Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General,* en el alegato) y *A. Torres Braschi, Procurador General Auxiliar,* abogados de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El 16 de junio de 1947 varios funcionarios y empleados de El Pueblo de Puerto Rico iniciaron acción de *mandamus* en contra del Auditor y del Tesorero de Puerto Rico solicitando se les ordenara a expedir los correspondientes libramientos de pago a favor de los demandantes en satisfacción de las sumas que el Gobernador de Puerto Rico les había rebajado en sus sueldos, al aprobar el presupuesto del año económico de 1932 a 1933. La corte inferior desestimó la demanda. Los demandantes apelaron y en este recurso alegaron que erró al declarar que el Gobernador actuó legalmente al hacer las rebajas, al resolver que el Gobernador pudo, legalmente, aprobar un presupuesto para el año económico 1932–33 y al resolver que los peticionarios incurrieron en *laches.*

A nuestro juicio no se cometieron ningunos de los errores señalados.

Por el primero los apelantes sostienen que la interpretación dada por este Tribunal al primer párrafo del artículo 34 de nuestra Carta Orgánica(¹) en el caso de *De la Rosa* v. *Winship, Gobernador,* 47 D.P.R. 330 es errónea y tratan de demostrarlo sosteniendo que este Tribunal, "en

(¹)La parte pertinente de dicho párrafo dispone:

". . . Si cualquier proyecto de ley presentado al Gobernador contuviere varias partidas de dinero, podrá él hacer objeciones a una o más de dichas partidas, o a cualquiera parte o partes, porción o porciones de las mismas, no obstante aprobar la otra porción del proyecto."

vez de atenerse al contexto de las oraciones inglesas . . . se va a buscar el pensamiento del legislador en la versión española de las ameritadas oraciones inglesas. . ."

Si el caso de *De la Rosa* v. *Winship,* supra, fuera el único en que se interpretó el párrafo primero de la sección 34 de la Carta Orgánica, quizás estaríamos inclinados a considerar de nuevo la cuestión bajo el aspecto filológico en que lo hacen extensamente los apelantes en su alegato. Empero, la misma cuestión fué considerada de nuevo por este Tribunal en los casos de *León Parra* v. *Fitzsimmons,* 61 D.P.R. 351 y *Ferrao* v. *Cordero, Auditor,* 67 D.P.R. 337, ratificándose lo resuelto en el de *De la Rosa* v. *Winship,* supra, y además el caso de *León Parra* fué confirmado por la Corte de Apelaciones para el Primer Circuito en *Fitzsimmons* v. *León,* 141 F.2d 886, 888 (1944), en el cual, y después de citarse el párrafo 1 del artículo 34 de la Carta Orgánica en inglés, se resolvió que:

": . . De estas palabras la intención del Congreso de conceder poder al Gobernador, tanto para rebajar como para desaprobar partidas (*items*) en proyectos de asignaciones es clara. . ."

No puede sostenerse, con visos de exactitud, que este Tribunal incurrió en error al interpretar el alcance del primer párrafo del artículo 34, supra, guiándose por su versión en español, cuando la misma interpretación le ha sido dada por la Corte de Apelaciones, basándose en la versión original en inglés. El hecho fué que en el caso de *De la Rosa* v. *Winship,* supra, este Tribunal tomó en consideración el estatuto en ambas versiones.

■■ Sostienen además los apelantes que de acuerdo con otra parte del párrafo primero del artículo 34 que dispone que "El Gobernador someterá, al abrirse cada legislatura ordinaria de la Asamblea Legislativa, un presupuesto de ingresos y gastos, el cual será la base del proyecto de ley de asignaciones para el bienio siguiente", el gobernador no podía aprobar un proyecto de presupuesto para el año eco-

nómico de 1932–33, ya que debió haber sometido a la Legislatura un proyecto de asignaciones para el bienio siguiente y al no hacerlo así, no se aprobó válidamente ningún presupuesto, debiendo regir el del año anterior.

El artículo 33 de la Carta Orgánica originalmente leía, en lo pertinente, así:

"Artículo 33.—La primera legislatura ordinaria de la Asamblea Legislativa de Puerto Rico, provista en esta Ley, se reunirá el vigésimo octavo día después de las primeras elecciones dispuestas en la presente, y las legislaturas ordinarias de la Asamblea Legislativa tendrán efecto cada dos años después, reuniéndose el segundo lunes de febrero del año 1919, y el segundo lunes de febrero cada dos años después."

Según fué enmendado por la Ley del Congreso de 4 de marzo de 1927, dicho particular lee ahora en esta forma:

"Las sesiones ordinarias de la Asamblea Legislativa se celebrarán anualmente, reuniéndose ésta el segundo lunes de febrero de cada año y terminando a más tardar al siguiente día 15 de abril. . ."

El artículo 34 no ha sido enmendado, pero la práctica ejecutiva y legislativa seguida desde el año 1928 ha sido que, a tenor con el artículo 33, según enmendado, el Gobernador, al abrirse cada legislatura ordinaria de la Asamblea Legislativa anualmente, le ha sometido un presupuesto de ingresos y gastos el cual ha servido de base para el proyecto de asignaciones aprobado por la legislatura para el año siguiente. Celebrándose desde el año 1928 las sesiones ordinarias de la legislatura, cada año y no cada dos años como sucedía bajo el artículo 33 antes de ser enmendado, no era lógico suponer que al no enmendarse el artículo 34, fuera la intención del Congreso que se continuara preparando por el Gobernador y aprobando por la Asamblea Legislativa, proyectos de presupuestos para dos años. Creemos que, aun cuando las enmiendas o derogaciones implícitas no son favorecidas, en el presente caso la disposición del artículo 34, al referirse al proyecto de ley de asignaciones "para el bienio

siguiente'' quedó virtualmente enmendada por el artículo 33 disponiendo las sesiones anuales ordinarias de la Asamblea Legislativa en lugar de las bienales que antes proveía dicho artículo. Anteriormente ''cada legislatura ordinaria'' se celebraba cada dos años y de ahí la justificación para los presupuestos bienales. Desde el año 1928 ''cada legislatura ordinaria'' se celebra anualmente y de ahí también la justificación para que los presupuestos sean anuales. No erró la corte inferior al así resolverlo.

Tampoco al decidir que, en todo caso, los apelantes habían incurrido en demora injustificada (*laches*) al radicar su demanda en el año 1947 basada en reclamación de sueldos correspondientes al año económico 1932–33, es decir, más de catorce años después, de aprobado el presupuesto de dicho año.

*Debe confirmarse la sentencia.*

El Juez Asociado Sr. Negrón Fernández no intervino.