**BLANCH et al. v. CORDERO, Auditor, et al.**
**No. 4451.**

United States Court of Appeals
First Circuit.

March 22, 1950.

---

Arturo O'Neill, Hato Rey, P. R., for appellants.

Melvin Richter, Attorney, Department of Justice, Washington, D. C. (H. G. Morison, Assistant Attorney General, Paul A. Sweeney and Richard P. Williams, III, Attorneys, Department of Justice, Mastin G. White, Solicitor, Department of the Interior, Irwin W. Silverman, Chief Counsel, Division of Territories and Island Possessions, Department of the Interior, and Shirley Ecker Boskey, Attorney, Department of the Interior, all of Washington, D. C., on the brief), for appellees.

MAGRUDER, Chief Judge, and MARIS (by special assignment) and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of Puerto Rico affirming a judgment of the District Court for the Judicial District of San Juan dismissing a complaint praying for the issuance of a writ of mandamus directed to the insular Auditor and the insular Treasurer. The plaintiffs allege that they were all officers or employees of the People of Puerto Rico on July 1, 1932, whose salaries were specified in the budget bill enacted by the Legislature of Puerto Rico for the fiscal year beginning on July 1, 1932 and ending on June 30, 1933; and that their salaries as so specified were reduced by the governor of Puerto Rico and they were paid the salaries as so reduced for the above fiscal year. The object of these proceedings, which were instituted on June 16, 1947, is to recover the difference between the salaries as originally provided in the budget bill and the reduced salaries actually paid on the ground that the governor is without authority under the Organic Act to reduce any item of appropriation of money made by the legislature.[1]

Section 34 of the Organic Act, 39 Stat. 960, 961, 48 U.S.C.A. § 822 et seq., after provisions with respect to the enactment of legislation and the veto power, provides: "If any bill presented to the governor contains several items of appropriation of money, he may object to one or more of such items, or any part or parts, portion or portions thereof, while approving of the other portion of the bill."

It is contended that this language, while giving the governor power to eliminate or strike any item or part or portion of an appropriation bill, does not give the governor the power to scale down or reduce any item of appropriation of money made by the legislature. The contention rests upon a detailed grammatical analysis of the language employed. It is said that the word "thereof" is defined in the dictionaries as meaning "of that" or "of it", wherefore it must refer to an antecedent in a singular form, and the only antecedent in that form in the sentence under consideration is the word "bill". Thus it is said that the language of the Organic Act quoted above

---

[1]. The contention was advanced in both courts below, but has been abandoned on this appeal, that for reasons we need not detail no valid budget bill for the fiscal year 1932–1933 was ever enacted, with the result that the salaries of the plaintiffs as fixed in the preceding budget bill should have been paid pursuant to the provision of § 34 of the Organic Act, infra, to the effect that "If at the termination of any fiscal year the appropriations necessary for the support of the government for the ensuing fiscal year shall not have been made, the several sums appropriated in the last appropriation bills for the objects and purposes therein specified, so far as the same may be applicable, shall be deemed to be reappropriated item by item; and until the legislature shall act in such behalf the treasurer may, with the advice of the governor, make the payments necessary for the purposes aforesaid."

should be read as authorizing the governor to veto any item or items, or any part or parts, portion or portions of the bill, but not as authorizing him to veto any part or parts, portion or portions of an item in the bill.

The contention that the word "thereof" has reference to the word "bill" in the first part of the sentence quoted above, instead of to the word "items" repeated therein twice subsequently, was rejected after full consideration by the Supreme Court of Puerto Rico in De la Rosa v. Winship, 47 P.R.R. 312, and again in Leon v. Fitzsimmons, 61 P.R.R. 340.[2] And in the latter case on appeal, Fitzsimmons v. Leon, 1 Cir., 141 F.2d 886, 888, this court brushed it aside in a dictum in the course of holding that the power to object to an item in a general appropriation bill did not confer power to reduce the amount of the salary set for an insular official in antecedent legislation establishing his office. We now reject the contention categorically.

It may be that "thereof" usually refers to a singular antecedent, but we are not aware that its reference must always be to such an antecedent. At any rate we see no grammatical objection to the use of the word as referring to a plural, and indeed in Commonwealth v. Bralley, 3 Gray. 456, 69 Mass. 456, it was construed by the Supreme Judicial Court of Massachusetts (Shaw, C. J.), apparently without thought of any grammatical impediment, as having reference to "spirituous or intoxicating liquors" in a statute making it a crime to sell such commodities "without being duly appointed or authorized."

■ Furthermore statutes are to be construed primarily with an eye to the legislative intent, rather than with an eye primarily to the niceties and refinements of English grammar, and so construing the sentence we think that Congress clearly meant to empower the insular governor to scale down, as well as to reject altogether, any item in a money bill. Certainly the

sentence so reads at first glance, as the appellant concedes, and this ordinary reading is reinforced by legislative history, for it appears that as the Act was originally introduced it gave the governor power merely to object to "one or more of such items," but that it was amended on the floor of the Senate to its present phraseology by the insertion after the word "items" of the words "or any part or parts, portion or portions thereof." 54 Cong.Rec. 2256. There is no illuminating discussion of this amendment available, but the amendment is meaningless surplusage unless it was intended to give power to veto a part or portion of an item, in other words to reduce it, as well as to strike it out altogether. Power to veto parts or portions of an appropriation bill adds nothing to the power to veto any or all of its individual items. Perhaps the amendment might be construed as adding power to veto generally entire sections or subdivisions of an appropriation bill, if such a bill should be subdivided into parts or portions, but we do not think this meaning could have been intended, for the Organic Act does not require that budget bills shall be subdivided into parts and portions. Indeed it does not in any way specify the form in which general appropriation bills shall be cast. It merely provides in § 34, supra, that "The governor shall submit at the opening of each regular session of the legislature a budget of receipts and expenditures, which shall be the basis of the ensuing biennial appropriation bill", and that such bills shall originate in the house of representatives and shall embrace only appropriations for the ordinary expenses of the three basic departments of the government, interest on the public debt, and appropriations for public schools.

The foregoing considerations leave no doubt in our minds that under the Organic Act the governor has the power to reduce, as well as to strike, items in an appropriation bill.

■ Moreover, the question of laches has been decided adversely to the plaintiffs

2. We are told that the Supreme Court of Puerto Rico rejected it a third time in the recent case of Ferrao v. Cordero, 67 P.R.R. ——, not yet translated into English.

by both insular courts and we see no reason to disturb this conclusion of local law on the ground that it is "inescapably wrong" or "patently erroneous."

The judgment of the Supreme Court of Puerto Rico is affirmed.