EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS PIÑEIRO QUIÑONES, acusado y apelante.

Número 15730.

*Sometido:* 9 de noviembre de 1954. *Resuelto:* 30 de noviembre de 1954.

Santos P. Amadeo y César Andréu Ribas, abogados del apelante; Hon. Secretario de Justicia José Trías Monge y Rafael L. Ydrach Yordán, Fiscal Interino, Tribunal Supremo, abogados de El Pueblo, apelado.

El Juez Asociado Señor Sifre emitió la opinión del Tribunal.

El aquí apelante fué procesado en el Tribunal Superior de Puerto Rico, Sala de San Juan, de infracción al art. 328 del Código Penal. Se le imputó que "allá para el día 31 de agosto de 1952 y en Río Piedras, Puerto Rico, . . . . . de una manera ilegal, mientras manejaba el automóvil 'Mercury', tablillas núm. 18465, lo hizo con tal negligencia, impericia, descuido e imprudencia temeraria, conduciéndolo a una velocidad exagerada y dando zigzags, que lo hizo chocar, en el kilómetro 1, hectómetro 6 de la Avenida Roosevelt, con un poste del alumbrado público y con el automóvil 'Ford', tablillas 41011, resultando muerta a consecuencia de dicho choque la Sra. Leticia Cintrón Rodríguez.[1] El juicio fué celebrado ante un jurado, el que rindió veredicto de culpabilidad. El tribunal a quo dictó sentencia condenando al acusado a extinguir una pena de 1 a 2 años de presidio, sentencia que fué suspendida a tenor con lo dispuesto por la Ley núm. 259 de 3 de abril de 1946 ((1) pág. 535), enmendada por la Ley núm. 177 de 4 de mayo de 1949 ((1) pág. 557). En apelación se nos pide que la revoquemos.

Señala el apelante como errores, *primero,* "que el veredicto es contrario a derecho y a la prueba, ya que no se probó que

---

[1] El art. 328 del Código Penal lee así:

"328.—(Según quedó enmendado por la Ley núm. 51 aprobada en 13 de abril de 1916, página 108.)—Todo conductor, maquinista, guardafreno, guarda-aguja, u otra persona encargada del todo o en parte de cualquier vagón, locomotora, tren de ferrocarril, automóvil o embarcación y cualquier despachador de trenes (*train dispatcher*), telegrafista, jefe de estación o cualquier otra persona, encargada del todo o en parte del deber de despachar o dirigir los movimientos de dicho vagón, locomotora, tren de ferrocarril, automóvil o embarcación, que, por imprudencia temeraria o descuido, lo dejase o hiciese chocar con otro vagón, locomotora, automóvil o embarcación, tren o cualquier otro objeto o cosa, ocasionando de este modo la muerte de una persona, incurrirá en pena de presidio por un término máximo de cinco años.

"Si como consecuencia del choque resultase daño para alguna persona, dicho conductor, maquinista, guardafreno, guarda-aguja u otra persona, incurrirá en pena de cárcel por un término máximo de dos años o multa máxima de mil dólares, o en ambas penas a discreción de la corte."

el acusado era culpable más allá de toda duda razonable, y por lo tanto, el veredicto fué producto de pasión y prejuicio de parte del jurado" y, *segundo*, que la corte a quo "erró al no dar al jurado una instrucción sobre si la muerte de la víctima fué la causa próxima de la supuesta negligencia—crasa del acusado-apelante".

■ La cuestión que se plantea en el primer señalamiento carece de méritos. Presentó El Pueblo evidencia que consistió de fotografías y de prueba testifical tendiente a demostrar que en la tarde del 31 de agosto de 1952, que era un domingo, en el trayecto comprendido entre Puerto Nuevo y Hato Rey—conocido por Avenida Roosevelt—por donde a la sazón había bastante tránsito, el apelante conducía un automóvil marca "Mercury" por uno de los carriles que se utilizan para ir en dirección de Hato Rey, a velocidad exagerada, y que al llegar al kilómetro 1, hectómetro 6, manejando atolondradamente zigzagueó yéndose finalmente hacia su izquierda, penetrando en forma violenta en la isla o trocha que está en el centro de dicha avenida en donde derribó un poste de hierro del alumbrado público; que cuando alcanzaba el carril contrario en dirección a Puerto Nuevo, o sea en dirección opuesta a la que traía, "cayó" sobre la parte delantera de un automóvil "Ford" que iba hacia Puerto Nuevo a velocidad moderada conducido por José Luis Calabria, el que iba acompañado de su esposa, la que como consecuencia del choque sufrió gráves y serias lesiones que le causaron la muerte.

La prueba de la defensa, fotografías y evidencia testifical, tendió a establecer que en la tarde del día mencionado en la acusación, mientras el procesado se dirigía por la Avenida Roosevelt hacia Hato Rey a una velocidad de 30 a 35 millas conduciendo el referido automóvil marca "Mercury", otro automóvil, tocando claxon exageradamente y tratando de pasarle en el kilómetro 1, hectómetro 6, lo obligó a tirarse hacia la izquierda con el resultado de que el automóvil del acusado cruzara la isla del centro de la citada avenida, chocara con un poste del alumbrado eléctrico y saliera al carril

contrario, deteniéndose entonces, y que ya detenido, el automóvil "Ford", que era conducido a bastante velocidad por Leticia Cintrón, chocó con la parte posterior del vehículo del procesado.

El jurado consideró y apreció la prueba que le fué sometida por las partes dándole crédito a la presentada por el ministerio público. Esa evidencia es suficiente para sostener el veredicto, que a nuestro juicio se ajusta a derecho, por lo cual no existe razón alguna para alterar la sentencia por el motivo apuntado por el apelante. *Pueblo* v. *García*, 64 D.P.R. 290; *Pueblo* v. *Camacho*, 69 D.P.R. 358; *Pueblo* v. *Rodríguez*, 70 D.P.R. 23. La imputación de que dicho veredicto "fué producto de pasión y prejuicio de parte del jurado" está desprovista de todo fundamento.

Carece también de mérito la cuestión suscitada en el segundo señalamiento. La defensa no solicitó del tribunal sentenciador que instruyera al jurado sobre causa próxima. No obstante, dicho tribunal dió las siguientes instrucciones: "Si ustedes, señores del Jurado, entienden, por el resultado de toda esa prueba, y fuera de duda razonable, que este acusado, el día y en el sitio que se dice en la acusación, por *imprudencia temeraria y descuido, con negligencia crasa, guió un automóvil tan negligentemente que lo hizo chocar con otro automóvil que venía en dirección contraria, y por consecuencia de dicho choque murió una persona llamada Leticia Cintrón Rodríguez;* y eso lo entienden ustedes fuera de toda duda razonable, el acusado es culpable, entonces, si así lo entienden ustedes, los señores del Jurado, del delito de infracción al artículo 328 del Código Penal. Si, por el contrario, los señores del Jurado, ustedes, entienden que no se ha cometido delito alguno, o que de haberse cometido algún delito el acusado no es responsable de la muerte de Leticia Cintrón Rodríguez, *sino que ella se debió, no a la negligencia crasa del acusado, sino de otra persona que caminaba* (sic) *en el automóvil en donde iba caminando* (sic) *Leticia Cintrón Rodríguez; o que se debió dicha muerte a una circunstancia fortuita o acto de*

*Dios, a una casualidad, sin que en ello interviniera culpa o negligencia por parte del acusado*, entonces, en cualquiera de esos casos, deben ustedes absolver al acusado porque él entonces no será culpable." (Bastardillas nuestras.)

Se arguye al discutirse este señalamiento que la velocidad exagerada constituye solamente evidencia prima facie de negligencia. Ese principio únicamente quiere decir que el procesado puede presentar prueba tendiente a explicar y justificar la velocidad excesiva. *State* v. *Lingman*, 91 P.2d 457. El veredicto de culpabilidad rendido en este caso demuestra que el apelante no tuvo éxito en su intento de destruir el caso prima facie presentado por el ministerio público.

*La sentencia apelada deberá ser confirmada.*

El Juez Asociado Sr. Ortiz no intervino.