Michael D. Chiumento City Attorney Flagler Beach
QUESTIONS:
1. What is the effect of a provision of the charter of the City of Flagler Beach which permits the city commission to override the mayor's veto of ordinances?
2. Does the mayor's power of veto include the power to veto `any and all sundry motions and actions of the city commission'?
SUMMARY:
The charter of the City of Flagler Beach requires all ordinances and resolutions to be submitted to the mayor for his approval. The charter also gives the mayor an unqualified `power of veto.' The charter authorizes the commission to override the veto of a resolution as well as an ordinance. The Flagler Beach charter does not authorize the mayor to veto `sundry motions and actions' of the commission.
AS TO QUESTION 1:
Your letter advises that you are in doubt as to the `nature, extent and scope' of the mayor's authority to veto ordinances and resolutions passed by the Flagler Beach City Commission. Specifically, you direct my attention to the following relevant provisions found in the charter of the City of Flager Beach, Ch. 63-1334, Laws of Florida, as amended by Chs. 65-1532, 65-1533, 65-1534, and 65-1535, Laws of Florida:
 APPROVAL OF MAYOR OF ORDINANCES AND RESOLUTIONS. No ordinance or resolution shall be effective unless approved in writing by the mayor, or unless he fail during a period of five days to approve, the ordinance shall been become a law. In the event of a veto, the ordinance may be passed over said veto, provided at least 4 members of the Commission vote for the adoption of same. [Article II, s. 11, Ch. 63-1334; emphasis supplied.]
 EFFECTIVE DATES. Resolutions and appropriation ordinances, and emergency ordinances shall take effect upon their passage and approval or upon their repassage as above provided, unless some other date for taking effect shall be stated therein. . . . [Article II, s. 12, Ch. 63-1334; emphasis supplied.]
 MAYOR. The mayor shall . . . approve all ordinances within five days after final passage, or shall refer same back to the Commission with a written statement of his reason for vetoing same. He shall have the power of veto. [Article II, s. 14, Ch. 63-1334; emphasis supplied.]
At the outset, it is necessary to examine the charter provisions which are the subject of your inquiry in light of the Municipal Home Rule Powers Act. Section 166.021(1), F. S., of the act provides that municipalities `may exercise any power for municipal purposes, except when expressly prohibited by law.' In order to implement this broad grant of home rule power to municipalities, s. 166.021(4) and (5) modified and repealed, or converted to ordinances, many provisions of municipal charters which constituted limitations on, or pertained exclusively to, the power or jurisdiction of municipalities. However, s. 166.021(4) states that nothing in Ch. 166 is to be construed as permitting any changes in a special law or municipal charter which affect certain subject matters enumerated therein, including `the distribution of power among elected officers,' without referendum approval as provided in s. 166.031, F. S.
The charter provisions to which you refer expressly grant to the mayor the power to veto legislation, both ordinances and resolutions, and authorize the city council to override the veto of an ordinance by a 4/5 vote. The word `veto' has been defined to include
 . . . a right or power possessed by one department to forbid or prohibit finally or provisionally or temporarily the carrying out of projects attempted by another department; (especially): a power vested in a chief executive to prevent permanently or temporarily the enactment of measures passed by a legislature. [Webster's Third International Dictionary, p. 2548; emphasis supplied.]
See also Fitzsimmons v. Leon, 141 F.2d 886, 888 (1st Cir. 1944), in which the court referred to the `veto power' as the executive's power `to check or restrain legislative action before such action ripens into law. . . .' Accordingly, I am of the view that the charter provisions involved in your inquiry relate to `the distribution of power among elected officers,' and thus may not be changed in the absence of referendum approval.
Also relevant to your inquiry is s. 166.041, F. S., which sets forth a uniform method for the adoption and enactment of municipal ordinances and resolutions which is applicable to all the municipalities in the state. Specifically, s. 166.041(4) provides that an affirmative vote of a majority of a quorum shall be necessary to pass a resolution or ordinance and that all resolutions or ordinances passed by a governing body shall become effective 10 days after passage or as otherwise provided therein. This section is `cumulative to other methods now provided by law for adoption and enactment of . . . ordinances and resolutions.' However, s. 166.041(6) also provides that municipalities may specify additional requirements for the adoption or enactment of ordinances or resolutions so long as the requirements of general law are not lessened or reduced. Clearly, the provisions of the Flagler Beach City Charter which authorize the mayor to veto municipal legislation are more restrictive than the provisions of s. 166.041(4). Section 166.041(6) authorizes municipalities to provide for such additional requirements `by future ordinance or charter amendment.' However, this office has previously concluded in AGO 073-446 that a municipality whose charter already contains more restrictive procedures for the adoption of resolutions and ordinances is not required to formally reenact such procedures. Turning now to the specific questions posed by your inquiry, I note that s. 11, Art. II of the charter implicitly requires all ordinances and resolutions to be submitted to the mayor for his approval. In addition, s. 14, Art. II, gives the mayor an unqualified `power of veto.' Thus, I am of the view that, when read together, the cited provisions of the city charter mandate the submission of all ordinances and resolutions to the mayor for his or her approval. Further, s. 12, Art. II, of the charter provides, in pertinent part, that resolutions shall take effect `upon their repassage as above provided (i.e., in s. 11, Art. II). . . .' Thus, it would appear that the charter authorizes the commission to override the mayor's veto of a resolution as well as an ordinance.
AS TO QUESTION 2:
My examination of the Flagler Beach City Charter discloses no provision therein which authorizes the mayor to veto any actions of the city commission other than ordinances and resolutions. Under these circumstances the principle of expressio unius estexclusio alterius — the express mention of one thing implies the exclusion of another — is applicable to your inquiry. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); State ex rel. Judicial Qualifications Commission v. Rose, 286 So.2d 562 (Fla. 1973); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); and Thayer v. State, 335 So.2d 815 (Fla. 1976). Accordingly, it must be concluded that the mayor's power of veto extends only to ordinances and resolutions; the mayor possesses no authority to veto any other `sundry motions and actions of the city commission.' Parenthetically, however, I would direct your attention to the case of Woodhull v. Manahan, 204 A.2d 212, 218
(N.J. Sup.Ct. 1964), in which the court held that a town council may not avoid a charter requirement which subjects ordinances and resolutions to the mayor's veto by calling the act a `motion' rather than a resolution.
In summary, therefore, I conclude that the Flagler Beach City Charter requires that all ordinances and resolutions be submitted to the mayor for his or her approval; however, the city commission is authorized to override the mayor's veto of resolutions as well as ordinances. The mayor is not authorized to veto motions or any actions of the city commission other than resolutions or ordinances.
Prepared by:
Patricia R. Gleason Assistant Attorney General